1  PAUL M. GLEASON State Bar No.: 155569
   TOREY FAVAROTE State Bar No.: 198521
2  GLEASON & FAVAROTE, LLP
   4014 Long Beach Blvd., Suite 300
3  Long Beach, California 90807
   Telephone:  (213) 452-0510
4  Facsimile:  (213) 452-0514
   pgleason@gleasonfavarote.com
5  tfavarote@gleasonfavarote.com

6  Attorneys for Defendant
   CoreCivic of Tennessee, LLC

7

8

9                **UNITED STATES DISTRICT COURT**

10              **SOUTHERN DISTRICT OF CALIFORNIA**

11

12  THOMAS RICHARDS, individually and    ) Case No.  **'17 CV 1484 LAB WVG**
    on behalf of all others similarly situated,  )
13                                         )
                   Plaintiff,              ) **NOTICE TO FEDERAL COURT OF**
14                                         ) **REMOVAL OF CIVIL ACTION**
            v.                             ) **PURSUANT TO 28 U.S.C.**
15                                         ) **SECTIONS 1332(d), 1441 AND 1446**
    CORECIVIC OF TENNESSEE, LLC,           )
16                                         )
                   Defendants.            )
17                                         )
                                           )
18                                         ) State Action Filed:   June 21, 2017
                                           ) Trial Date:           None
19                                         )
    _____ )
20  / / /

21  / / /

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

1    TO THE CLERK OF THE ABOVE ENTITLED COURT, PLAINTIFF

2    THOMAS RICHARDS, AND HIS ATTORNEYS OF RECORD:

3         **PLEASE TAKE NOTICE** that defendant CoreCivic of Tennessee, LLC

4    (formerly known as CCA of Tennessee, LLC) (hereinafter "Defendant") hereby

5    removes the below referenced action from San Diego County Superior Court in the

6    State of California to the United States District Court for the Southern District of

7    California.  Removal is based on 28 USC sections 1332(d) (the Class Action

8    Fairness Act), 1441(b) and 1446 on the following grounds:

9    **I.    DESCRIPTION OF THE ACTION.**

10        On June 21, 2017, Plaintiff, Thomas Richards, on behalf of himself and all

11   others similarly situated, filed a putative class action complaint against Defendant in

12   the Superior Court of California, County of San Diego ("Superior Court"), Case No.

13   37-2017-00022588-CU-OE-CTL, wherein he alleges the following causes of action:

14   (1) Failure to Allow or Pay for Meal Periods; (2) Failure to Allow or Pay for Rest

15   Periods; (3) Waiting Time Penalties; (4) Failure to Provide Accurate Itemized Wage

16   Statements; and (5) Violation of California Business and Professions Code § 17200

17   (hereinafter the "Complaint").  The Complaint was served on Defendant on June 23,

18   2017. A true and correct copy of the Service of Process Transmittal, Summons and

19   Complaint is attached hereto as **Exhibit A**.

20        Defendant is informed and believes, and on that basis, alleges that there have

21   been no other named defendants in this case, and no other defendant, whether named

22   or not, has been served with, or otherwise received the Complaint.

23        Attached hereto as **Exhibit B** are all other documents on file in this matter

24   with the Superior Court of the State of California, County of San Diego.

25   **II.   TIMELINESS OF REMOVAL.**

26        The Complaint was filed on June 21, 2017, and served on Defendant on June

27   23, 2017. (<u>See</u>, Ex. A (Service of Process Transmittal and Summons)).  This Notice

28   of Removal is therefore timely as it is within the 30-day period after service of the

1.

NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S.C. SECTIONS
1332(D), 1441 AND 1446

Summons and Complaint.

## III.   DIVERSITY JURISDICTION UNDER THE CLASS ACTION FAIRNESS ACT.

Removal jurisdiction is based on 28 U.S.C. section 1332(d), the Class Action Fairness Act of 2005 ("CAFA").  In relevant part, CAFA grants federal district courts original jurisdiction over civil class-action lawsuits filed under federal or state law in which any member of a class of plaintiffs is a citizen of a state different from any defendant, and where the amount in controversy exceeds $5,000,000, exclusive of interest and costs.  CAFA authorizes removal of such actions in accordance with 28 U.S.C. section 1446.  As set forth herein, this case meets all of CAFA's requirements for removal, and is timely and properly removed by the filing of this Notice of Removal.

This Court has jurisdiction over this case under CAFA, 28 U.S.C. section 1332(d), and this case may be removed pursuant to the provisions of 28 U.S.C. section 1441(a), in that it is a civil class action wherein: (1) the proposed class contains at least 100 members; (2) the primary defendant is not a state, state official or other governmental entity; (3) the total amount in controversy for all class members exceeds $5 million; and (4) there is diversity between at least one class member and at least one defendant.  28 U.S.C. §§ 1332(d)(2), 1332(d)(5), 1453(a); Serrano v. 180 Connect, Inc., 478 F.3d 1018, 1021 (9th Cir. 2007) ("Once the prerequisites of § 1332(d)(5) are satisfied, CAFA vests federal courts with 'original' diversity jurisdiction over class actions if: (1) the aggregate amount in controversy exceeds $5,000,000, and (2) any class member is a citizen of a state different from any defendant.").

## IV.   DIVERSE CITIZENSHIP OF THE PARTIES.

CAFA's diversity requirement is satisfied when at least one plaintiff is a citizen of a state different from at least one defendant.  28 U.S.C. §§ 1332(d)(2).

For diversity purposes, a person is a "citizen" of the state in which he or she is

1    domiciled.  Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088 (9th Cir. 1983); see

2    also LeBlanc v. Cleveland, 248 F.3d 95, 100 (2d Cir. 2001) (citizenship determined

3    at the time the lawsuit is filed); see also Lundquist v. Precision Valley Aviation, Inc.,

4    946 F.2d 8, 10 (1st Cir. 1991).  Residence is *prima facie* evidence of domicile.  State

5    Farm Mut. Auto Ins. Co. v. Dyer, 19 F.3d 514, 520 (10th Cir. 1994).

6         Plaintiff is a resident of California and he worked for Defendant in San Diego,

7    California.  (Ex. A, Complaint, ¶¶ 15, 18).  For diversity purposes, a person is a

8    "citizen" of the state in which he is domiciled.  See Kantor v. Wellesly Galleries,

9    Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983).  Thus, Plaintiff is a citizen of the State of

10   California.  See 28 U.S.C. § 1332(a)(1) (an individual is a citizen of the state in

11   which he or she is domiciled).  Plaintiff seeks to represent current and former

12   employees of Defendants who were employed in the State of California during the

13   putative class period.  (Ex. A, Complaint, ¶ 31.)

14        Defendant was, at the time of the filing of the state court action, and remains a

15   corporation incorporated under the laws of the State of Maryland, with its principal

16   place of business in the State of Tennessee.  See accompanying Declaration of Kelly

17   Atwood ("Atwood Dec.," ¶ 2; Complaint ¶ 14.)  Pursuant to 28 U.S.C. section

18   1332(c), "a corporation shall be deemed to be a citizen of any State by which it has

19   been incorporated and of the State where it has its principal place of business."

20   Accordingly, Defendant is not a citizen of the State of California.

21        The citizenship of fictitiously-named "Doe" defendants is to be disregarded

22   for the purposes of removal.  28 U.S.C. section 1441(a); Newcombe v. Adolph Coors

23   Co., 157 F.3d 686, 690-691 (9th Cir. 1998).

24        Accordingly, because Plaintiff is a citizen of a state different from Defendant,

25   minimal diversity exists for purpose of establishing jurisdiction under traditional

26   diversity principles and under CAFA.  28 U.S.C. Sections 1332 (d) (2) (A); 1453 (b);

27   Bush v. Cheaptickets, Inc., 425 F.3d 683, 684 (9th Cir. 2005).

28   / / /

NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S.C. SECTIONS
1332(D), 1441 AND 1446

## V.   CLASS SIZE.

Plaintiff alleges in his Complaint that he seeks to represent the following class and subclass:

> All non-exempt individuals who are currently or have been employed in California by Defendant during the Class Period, and whose working conditions are not controlled by a collective bargaining agreement.
>
> Subclass:
> All Class members whose employment with Defendant has terminated during the Class Period.

For the following claims: (1) "Failure to Allow or Pay for Meal Periods; (2) "Failure to Allow or Pay for Rest Periods; (3) "Waiting Time Penalties; (4) "Failure to Provide Accurate Itemized Wage Statements; and (5) "Violation of California Business and Professions Code § 17200." (Ex. A, Complaint, ¶ 31).

These alleged classes potentially contain all non-exempt employees in Defendant's California locations to the present.  Defendant employed in excess of 500 non-exempt employees in Defendant's California locations during the alleged class period.  (Atwood Dec., ¶¶ 4 and 6.)  Accordingly, the putative classes exceed the minimum size of at least 100 proposed plaintiffs in the aggregate.

## VI.   AMOUNT IN CONTROVERSY.

Pursuant to CAFA, the alleged amount in controversy in this class action exceeds, in the aggregate, five million dollars ($5,000,000).  28 U.S.C. § 1332 (d)(6) (under CAFA, claims of individual class members aggregated to determine if amount in controversy exceeds $5,000,000).  The Complaint seeks to recover all premium payments for unprovided meal periods and rest breaks, payment for non-compliant wage statements, waiting time penalties and other derivative penalties under the Labor Code.  (Ex. A, Complaint, ¶¶ 45, 46, 54, 55, 60 and 66).  In addition to alleging Labor Code violations, Plaintiff also seeks to recover under Business and Professions Code section 17200, which has a four-year statute of limitations pursuant to Section 17208.  (Ex. A, Complaint, ¶¶ 68-69).  As set forth below, the amount in

4.

1   controversy implicated by these class-wide allegations exceeds five million dollars.

2   "[W]here it is unclear or ambiguous from the face of a complaint whether the

3   requisite amount in controversy is pled," the defendant only needs to establish by a

4   "preponderance of the evidence" that the alleged claims exceed the jurisdictional

5   minimum. See Guglielmino v. McKee Foods Corp., 506 F.3d 696, 699 (9th Cir.

6   2007).  Here, Plaintiff does not allege a total dollar amount in controversy in

7   Complaint.  The amount in controversy is therefore unclear from the face of the

8   complaint.  Therefore, Defendant only needs to establish by a preponderance of the

9   evidence that the alleged claims exceed the jurisdictional minimum.  See

10  Guglielmino, 506 F.3d at 700-701; Sanchez v. Monumental Life Ins. Co., 102 F.3d

11  398, 404 (9th Cir. 1996); Singer v. State Farm Mutual Auto Ins. Co., 116 F.3d 373,

12  376 (9th Cir. 1997).  Defendant estimates that the amount in controversy has been

13  met based on competent data outlined below.

14       While Defendant expressly denies the validity of Plaintiff's claims and any

15  liability for the damages sought in his Complaint, for purposes of determining

16  whether the minimum amount in controversy has been satisfied, the Court must look

17  to the allegations in Plaintiff's Complaint and presume that Plaintiff will prevail on

18  his claims.  Kenneth Rothschild Trust v. Morgan Stanley Dean Witter, 199

19  F.Supp.2d 1001 (C.D. Cal. 2002), citing Burns v. Windsor Ins. Co., 31 F.3d 1092,

20  1096 (11th Cir. 1994) (stating that the amount in controversy analysis presumes that

21  "plaintiff prevails on liability."). Thus, "[t]he amount in controversy is simply an

22  estimate of the total amount in dispute, not a prospective assessment of

23  [Defendant's] liability." Lewis v. Verizon Communications, Inc., 627 F.3d 395, 400

24  (9th Cir. 2010).  When determining whether a Plaintiff's Complaint meets the

25  jurisdictional threshold, the Court should consider the allegations in the Complaint

26  and facts set forth in the Notice of Removal.  See Luckett v. Delta Airlines, Inc., 171

27  F.3d 295, 298 (5th Cir. 1999) (finding that facts presented in notice of removal,

28  combined with plaintiffs allegations, sufficient to support finding of jurisdiction);

5.

1  DeAguillar v. Boeing Co., 47 F.3d 1404, 1412 (5th Cir. 1995) (stating that

2  "defendant can show by a preponderance of the evidence that the amount in

3  controversy is greater than the jurisdictional amount"); accord Gaus v. Miles, Inc.,

4  980 F.2d 564, 566-67 (9th Cir. 1992); White v. FCI USA, Inc., 319 F. 3d 672, 674

5  (5th Cir. 2003) (facially apparent from the lengthy list of damages, combined with a

6  claim for attorneys' fees, that plaintiffs claim exceeded the jurisdictional threshold).

7       The requisite amount in controversy is established through an examination of

8  the claims asserted by Plaintiff.  Among other relief, Plaintiff seeks to recover on

9  behalf of all non-exempt employees employed in California, waiting time penalties

10  under Labor Code section 203 for the alleged failure to pay all wages due at the end

11  of employment.  (See Ex. A, Complaint, ¶¶ 56-60.)

12       Labor Code section 203 provides for the imposition of waiting time penalties

13  where an employer fails to pay, on the date an employee is discharged or quits, all

14  wages then due.  The maximum penalty for each former employee who was not paid

15  all wages due upon departure is 30 days of wages.  During a portion of the relevant

16  time frame, approximately 41 employees left their employment at Defendant's San

17  Diego facilities (OMDC and SDCF) (hereinafter collectively referred to as "SDF") at

18  an average pay of $27.88 per hour, and 225 employees left their employment at

19  Defendant's California City facility (hereinafter referred to as "CCF") at an average

20  rate of pay of $24.92/hour.  (Atwood Dec., ¶¶ 4 and 6.)  Assuming an eight-hour

21  workday, multiplied by the average hourly rates for SDF and CCF, respectively

22  ($27.88 and $24.92), multiplied by the total number of employees who left their

23  employment with Defendant from SDF and CCF, respectively (41 and 225),

24  multiplied by 30 days (the maximum number of days for which waiting time

25  penalties can be imposed per former employee) or (SDF:  8 x $27.88 x 41 x 30) +

26  (CCF:  8 x $24.92 x 225 x 30), the sum of Labor Code section 203 penalties is at

27  least $1,620,019.20.

28       The Complaint also alleges class claims to recover premiums for unprovided

NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S.C. SECTIONS 1332(D), 1441 AND 1446

1   meal and rest periods for the past four years. *See,* Exhibit A, Complaint, ¶¶ 39-55.

2   With regard to missed meal periods, Plaintiff alleges in his Complaint that

3   "Defendants regularly failed to provide, and in fact denied, Plaintiff's and Class

4   Members statutory compliant meal periods." (Complaint ¶ 42). He also claims that

5   "Plaintiff and Class Members are entitled to one (1) hour of compensation at the

6   regular hourly rate for each workday that the proper meal periods were not

7   provided." (Complaint, ¶ 45). With regard to missed rest breaks, "Plaintiff alleges

8   that Plaintiff and Class Members were regularly scheduled as a matter of uniform

9   company policy to work, and in fact worked, without rest breaks in violation of

10  California *Labor Code* §§ 226.7 and 512 and the Wage Order, in that they were not

11  permitted to take one (1) ten (10) minute rest break for every four (4) hours worked."

12  (Complaint, ¶ 53). As a result Plaintiff believes that, "Plaintiff and Class Members

13  are entitled to one (1) hour of compensation at his regular rate for each workday that

14  the proper rest periods were not provided and one (1) hour of compensation at their

15  regular hourly rate for each workday that the proper rest periods were not provided

16  in penalty wages" pursuant to *California Labor Code* § 226.7 and the Wage Order.

17  (Ex. A, Complaint, ¶ 54).

18        Defendant employed a minimum of 180 individuals in the position of non-

19  exempt Detention Officer at an average hourly rate of $30.34 at SDF and 253

20  employees at an average hourly rate of $24.72 at its CCF. (Atwood Dec., ¶¶ 4 and

21  6).

22        Although Plaintiff's complaint does not specifically allege the frequency of

23  missed meal periods and rest breaks per week, it could be inferred from his

24  allegations that Plaintiff and the other class members he seeks to represent were

25  denied meal periods and rest breaks altogether. (See, Complaint, ¶¶ 41, 42, 49, 50,

26  and 53). Yet even assuming a more modest violation rate of just two missed meal

27  periods and two missed rest breaks each week, the damages for missed meal and rest

28  periods are substantial, damages for missed meal periods and rest breaks are

7.

1   calculated by multiplying (for each facility) the number of violations per week (4),

2   by the hourly rate at SDF and CCF, respectively ($30.34 and $24.72), by the number

3   of weeks when alleged violations occurred at SDF and CCF, respectively (208 and

4   57), by the number of employees at SDF and CCF, respectively (180 and 253) or

5   (SDF: 4 x $30.34 x 208 x 180) + (CDF:  4 x $24.72 x 57 x 253), for a total sum for

6   meal and rest period violations of $5,969,666.88.

7          Plaintiff also seeks reasonable attorneys' fees, which this Court may consider

8   in determining whether the amount in controversy has been satisfied.  See, e.g., Bell

9   v. Preferred Life, 320 U.S. 238 (1943); Galt G/S v. JSS Scandinavia, 142 F.3d 1150,

10  1155-56 (9th Cir. 1998) (including prayer for attorneys' fees in determining amount

11  in controversy where potentially recoverable by statute); Goldberg v. C.PC. Int'l.,

12  Inc., 678 F.2d 1365, 1367 (9th Cir. 1982) (stating that attorneys' fees may be taken

13  into account to determine jurisdictional amounts); Gibson v. Chrysler, 261 F.3d 927

14  (9th Cir. 2001).

15         By adding up the potential amount of penalties claimed by Plaintiff through

16  the Complaint under Labor Code section 203, Plaintiff is seeking at least

17  approximately $7,589,686.08 in monetary relief.  Additionally, Plaintiff is seeking

18  penalties for alleged violations of Labor Code section 226, stemming from the

19  Defendant's alleged failure to provide the putative class members with legally

20  compliant itemize wage statements.  (Complaint ¶¶ 61-66).  Labor Code section 226

21  provides for an aggregate penalty up to $4,000.00 per employee.  (Complaint ¶ 66).

22  With a putative class of over 500 individuals this would potentially be an additional

23  $2,000,000.00 that Plaintiff is seeking in this case for a grand total of $9,589,686.08.

24  (Atwood Decl. 4, 6).  Plaintiff's claims clearly exceed $5,000,000, without even

25  taking into account Plaintiff's other penalty claims under Labor Code § 558 and

26  requests for relief, such as attorney's fees.  Again, CAFA, 28 U.S.C. section 1332(d),

27  authorizes the removal of class action cases in which, among other factors mentioned

28  above, the amount in controversy for all class members exceeds $5,000,000.

8.

Defendant denies the validity and merit of all of Plaintiff's claims, the legal theories upon which they are purportedly based, and the claims for monetary and other relief that flow from them. However, assuming them to be accurate for purposes of this removal only, it is readily apparent, when considered in the context of the causes of action in the Complaint, that the monetary relief sought in this action exceeds the jurisdictional minimum.

Removal of this action is therefore proper as the aggregate value of Plaintiff's claims for statutory penalties, compensatory damages, and attorneys' fees is in excess of the $5,000,000 jurisdictional requirement.

## VII.    NO BASIS FOR DECLINING JURISDICTION EXISTS

There is no basis for this Court to decline jurisdiction. The CAFA permits a district court to decline to exercise its jurisdiction only in specified instances where a primary defendant is a citizen of the forum state. 28 U.S.C. § 1332(d)(3) and (4). Here, none of the Defendants are citizens of California.

Contemporaneously with the filing of this Notice of Removal in the United States District Court for the Southern District of California, written notice of such filing will be served on Plaintiff's counsel of record: Law Offices of Todd M. Friedman, P.C.

In addition, a copy of the Notice of Removal will be filed with the Clerk of the Court for the Superior Court of the County of San Diego, California.

WHEREFORE, having provided notice as is required by law, the above-titled action should be removed from the Superior Court for the County of San Diego to this Court.

Dated: July 21, 2017

GLEASON & FAVAROTE, LLP
PAUL M. GLEASON
TOREY JOSEPH FAVAROTE

By:/s/ Paul M. Gleason
        Paul M. Gleason

Attorneys for Defendant CoreCivic, of Tennessee, LLC

9.

# EXHIBIT A

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**06/21/2017** at 09:59:27 AM
Clerk of the Superior Court
By Carla Brennan,Deputy Clerk

1  Todd M. Friedman (SBN 216752)
2  Adrian R. Bacon (SBN 280332)
   Law Offices of Todd M. Friedman, P.C.
3  21550 Oxnard St. Ste. 780
   Woodland Hills, CA 91367
4  Phone: 877-206-4741
5  Fax: 866-633-0228
   tfriedman@toddflaw.com
6  abacon@toddflaw.com
   Attorneys for Plaintiff
7

8

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
## FOR THE COUNTY OF SAN DIEGO

10

11                                        )   CASE NO.: 37-2017-00022588-CU-OE-CTL
                                          )   **CLASS ACTION COMPLAINT FOR:**
12  THOMAS RICHARDS, individually and on)
    behalf of all others similarly situated, )   1.  **FAILURE TO ALLOW OR PAY**
13                                        )       **FOR MEAL PERIODS (Labor**
                                          )       **Code §§ 226.7, 512, 558 & 1198);**
14             Plaintiff,                 )   2.  **FAILURE TO ALLOW OR PAY**
                                          )       **FOR REST PERIODS (Labor**
15  v.                                    )       **Code §§ 226.7, 558 & 1198);**
                                          )   3.  **WAITING TIME PENALTIES**
16  CORECIVIC OF TENNESSEE, LLC,          )       **(Labor Code §§ 201-203 & 558);**
                                          )   4.  **FAILURE TO PROVIDE**
17             Defendants.                )       **ACCURATE ITEMIZED WAGE**
                                          )       **STATEMENTS (Labor Code §§**
18  ─────────────────────────────────        **226 & 558);**
19                                            5.  **VIOLATION OF CALIFORNIA**
                                                 **BUSINESS & PROFESSIONS**
20                                               **CODE §17200;**
21
22                                            **COMPLAINT FOR DAMAGES AND**
                                              **DEMAND FOR JURY TRIAL**
23
24          Plaintiff, THOMAS RICHARDS, on behalf of himself and a class of all other similarly

25  situated current and former employees of Defendant, hereby brings his complaint against the

26  above-named Defendants and states and alleges as follows:

27

28
                                        1

                                    Complaint

## INTRODUCTION

1.        This action is within the Court's jurisdiction pursuant to the provisions of California *Labor Code* §§ 201-203, 226, 226.7, and California *Business and Professions Code* §§ 17200, *et seq*.

2.        This Complaint challenges illegal employment practices resulting in violations of the California *Labor Code, Business and Professions Code*, and applicable Industrial Welfare Commission ("IWC") wage order against Plaintiff.

3.        Plaintiff is informed and believes and based thereon alleges that Defendants, jointly and severally, have acted intentionally and with deliberate indifference and conscious disregard of the rights of employees in, among other things, failing to provide the statutorily required meal and rest periods and failing to pay the statutorily required meal period and rest period premium wages when not provided, failing to pay wages in a timely fashion, including at the end of employment, and failing to keep statutorily required payroll records.

4.        Plaintiff is informed and believes and based thereon allege that Defendants have engaged in, among other things, a system of willful violations of the California *Labor Code, Business and Professions Code*, and applicable IWC wage order by: (a) failing to pay all final wages to Plaintiff and the Class Members in a timely fashion; (b) failing to pay all meal and rest period premium wages to Plaintiff and Class Members; (c) failing to provide, or timely provide, all required meal and rest periods to Plaintiff and Class Members; and (d) failing to keep proper records pursuant to *California Labor Code* § 226 and §§ 1174 and 1174.5.

5.        Plaintiff also alleges that Defendants, and each of them, had the clear ability to pay such wages as are/were due and owing to the Plaintiff and Class Members, but intentionally did not pay such wages, in conscious disregard of the rights of Plaintiff and Class Members to timely payment of wages.

6.        This action seeks relief for the un-remediated violations of California law including, inter alia:

    a.        Damages and/or restitution, as appropriate, to Plaintiff and Class Members, for non-payment of the wages due and interest thereon;

2

Complaint

b.   Damages and/or restitution, as appropriate, to Plaintiff and Class Members, for non-payment of meal and rest period wages, including premium wages;

c.   Damages and/or penalties for Plaintiff and Class Members, who were not issued accurate itemized wage statements in conformity with California law.

d.   Damages and/or penalties for Plaintiff and Class Members, who were terminated, and who were not paid all wages due and owing in conformity with California law;

e.   Attorney fees and costs as provided by statute and/or applicable case law including, without limitation, Labor Code §§ 226 and 1194, and Code of Civil Procedure § 1021.5; and such other relief as the Court deems just and proper.

7.   "Class Period" shall mean the period from four years prior to the date this Complaint was filed, through and including the date judgment is rendered in this matter. Plaintiff herein reserves the right to amend this Complaint to reflect a different Class Period as discovery in this matter proceeds.

8.   The actions of Defendant are in violation of the Labor Code as well as IWC wage orders and, as a result, are unlawful and unfair acts, thus constituting a violation of California Business & Professions Code section 17200, et seq. (Unfair Competition Law, "UCL").

9.   The policies, practices and customs of Defendants described above and below have resulted in the unjust enrichment of Defendants and an unfair business advantage over businesses that routinely adhere to the strictures of the California *Labor Code* and the *Business and Professions Code*.

## JURISDICTION AND VENUE

10.   This Court has jurisdiction over Plaintiff and Class members' claims for failure to provide required meal and rest periods, failure to provide accurate wage statements, and failure to pay all earned wages upon termination pursuant to the Labor Code, including, but not limited to, sections 200, 201, 202, 203, 226, 226.7, 558, 1174, 1174.5, 1198, and the IWC wage orders.

11.     This Court has jurisdiction over Plaintiff and Class members' claims for injunctive relief, including restitution of earned wages, which are the money and property of Plaintiff and Class members, arising from Defendant's unfair competition under UCL sections 17203 and 17204.

12.     This Court also has jurisdiction over Plaintiff and Class members' claims for penalties in violation of the Labor Code pursuant to UCL section 17202, as well as pursuant to the applicable Labor Code provisions.

13.     Venue as to Defendant is proper in this County pursuant to Code of Civil Procedure section 395(a).  Plaintiff is informed and believes, and thereon alleges that Defendant conducts business, employs Class members, and has locations in this County, and the events complained of occurred in this County.

## PARTIES

14.     Plaintiff is informed and believes and based thereon allege that Defendant CORECIVIC, INC. is a corporation with headquarters in Tennessee and incorporated in Maryland.  Plaintiff is informed and believes and thereon alleges that Defendant, at all times herein mentioned, is and was doing business in the County of San Diego, State of California.

15.     Plaintiff THOMAS RICHARDS is, and at relevant times herein was, a resident of the County of San Diego, California. From on or about August 22, 2011, until December 8, 2016, Plaintiff had been employed by Defendants.  Plaintiff was employed as a Detention Officer.

16.     Plaintiff is informed and believes and based thereon alleges that at all times herein mentioned Defendants are and were corporations, business entities, individuals, and partnerships, licensed to do business and actually doing business in the State of California.

17.     The members of the Class, including the named, representative Plaintiff, have been employed by Defendant during the Class Period in California.  The practices and policies which are complained of by way of this Complaint are enforced by Defendant throughout the State of California.

///

4

Complaint

## FACTUAL ALLEGATIONS

18.     Defendant is a corrections facility operator with facilities across the country.  On or about August 22, 2011, Plaintiff commenced his employment with Defendant in a facility located in San Diego, California.  Plaintiff was paid hourly for his services.

19.     While employed with Defendant, Plaintiff was not allowed the meal and rest breaks that are required by California law.  Plaintiff was compensated by the minute on his timecards, and was not paid meal or rest break premiums.

20.     Plaintiff terminated his employment with defendant on December 8, 2016.

21.     Following the end of his employment, Plaintiff still has not received his due compensation for being forced by Defendant to work through his legally required meal and break times.

22.     At all times herein mentioned, Plaintiff was an employee of Defendants in the State of California, and Defendants were and are employers employing persons in the State of California.  As such, Plaintiff was the type of persons contemplated to be protected by the California Labor Code and the Wage Order, and said laws and regulations were intended to apply to Defendants and to prevent the type of injury and damage herein.

23.     Plaintiff is informed and believes and based thereon alleges that Defendants are and were advised by skilled lawyers and other professionals, employees, and advisors with knowledge of the requirements of California's wage and hour laws.

24.     Plaintiff is informed and believes and based thereon alleges that Defendants know, should know, knew or should have known that Plaintiff and Class Members were entitled to receive duty-free meal periods within the first five (5) hours of any shift of six (6) or more hours worked, and that any failure to do so requires Defendants to pay Plaintiff and Class Members one (1) hour of wages per day for untimely, missed, or on-duty meal periods.

25.     Plaintiff is informed and believes and based thereon alleges that Defendants had a consistent policy or practice of requiring Plaintiff and Class Members to continue working through meal periods, or were required to stay on the premises during their meal periods, or

were interrupted during their meal periods, or Defendants otherwise failing to provide a duty-free meal period within the first five (5) hours of any shift of six (6) or more hours worked.

26.     Plaintiff is informed and believe and based thereon alleges that Defendants had a consistent policy or practice of failing to compensate Plaintiff and Class Members for duty-free meal periods that were not provided within the first five (5) hours of any shift of six (6) or more hours worked, and for on-duty meal periods.

27.     Plaintiff is informed and believes and based thereon alleges that Defendants know, should know, knew or should have known that Plaintiff and Class Members were and are entitled to one (1) ten (10) minute rest break for each shift of four (4) hours or more, and that any failure to allow said breaks requires Defendants to pay Plaintiff one (1) hour of wages per day for missed or on-duty rest breaks.

28.     Plaintiff is informed and believes and based thereon alleges that Defendants had a consistent policy or practice of failing to provide to Plaintiff and Class Members one (1) ten (10) minute break for each shift of four (4) hours or more worked.

29.     Plaintiff is informed and believes and based thereon alleges that Defendants had a consistent policy or practice of failing to compensate Plaintiff and Class Members for missed rest breaks that were not provided within each four (4) hours of a shift.

30.     Plaintiff is informed and believes and based thereon alleges that Defendant had a consistent policy or practice of failing to provide Plaintiff and Class Members with accurate wage statements reflecting the true number of hours worked due to Defendants' failure to provide lawful, timely, and duty-free meal and rest periods and failure to document all hours worked.

## CLASS ACTION ALLEGATIONS

31.     Plaintiff brings this action as a class action pursuant to California Code of Civil Procedure ("CCP") section 382, on behalf of the following defined Class and Subclass:

> All non-exempt individuals who are currently or have been employed in California by Defendant during the Class Period, and whose working conditions are not controlled by a collective bargaining agreement.

6

Complaint

Subclass:

All Class members whose employment with Defendant has terminated during the Class Period.

32.    As used throughout this Complaint, the term "Class Period" shall mean the period from four years prior to the date this Complaint was filed, through and including the date judgment is rendered in this matter.

33.    Numerosity: Plaintiff is informed and believes, and on that basis alleges, that during the Class Period, there have been over one hundred Class members.  As a result, the members of the Class are so numerous that joinder of all members is impossible and/or impracticable.

34.    Commonality: Common questions of law and fact exist as to all members of the Class and predominate over any questions affecting solely individual members of the Class. Among the questions of law and fact, that are relevant to the adjudication of Class members' claims are the following:

    a.  Whether Defendant failed to provide Plaintiff and members of the Class with accurate wage statements in violation of Labor Code section 226, and applicable Industrial Welfare Commission Orders, and applicable State Regulations;

    b.  Whether Defendant had/has policies and/or practices that result in meal periods not being adequately captured and recorded;

    c.  Whether Defendant had/has policies and/or practices that result in meal periods premiums not being adequately paid to employees;

    d.  Whether Defendant had/has policies and/or practices that result in rest periods not being adequately captured and recorded;

    e.  Whether Defendant had/has policies and/or practices that result in rest periods premiums not being adequately paid to employees;

    f.  Whether Defendant unlawfully and/or willfully failed to pay Plaintiff and members of the Class for hours worked in violation of the applicable Industrial Welfare Commission Order and Labor Code sections 200 and 226;

Complaint

g. Whether Defendant unlawfully and/or willfully failed to promptly pay compensation owing to members of the Subclass upon termination of their employment in violation of Labor Code sections 201-203;

h. Whether Plaintiff and members of the Class sustained damages, and if so, the proper measure of such damages, as well as interest, penalties, costs, attorneys' fees, and equitable relief; and,

i. Whether Defendant violated the Unfair Competition Law of California, Business and Professions Code sections 17200, et seq., by violating the above-cited provisions, and treating Plaintiff and members of the Class unfairly by failing to furnish an accurate, itemized wage statement upon payment of wages and by failing to allow required meal and rest breaks.

35. Typicality: Plaintiff's claims are typical of the members of the Class. Plaintiff, like other members of the Class, was subjected to Defendant's policies and/or practices set forth above.

36. Adequacy of Representation: Plaintiff will fairly and adequately protect the interests of the members of the Class and has retained counsel competent and experienced in both class action and employment litigation.

37. Superiority: Questions of law or fact common to Class members predominate over any questions solely affecting individual Class members and class action is superior to other available methods for the fair and efficient adjudication of this controversy. Class action treatment will allow a large number of similarly situated Class members to simultaneously and efficiently prosecute their common claims in a single forum without the needless duplication of effort and expense that numerous individual actions would entail. In addition, a class action will serve the important public interest of permitting Class members harmed by Defendant's unlawful policies and/or practices to effectively pursue recovery of the sums owed to them.

38. Plaintiff knows of no difficulty which will be encountered in the management of this litigation which would preclude its maintenance as a class action.

///

8

Complaint

## FIRST CAUSE OF ACTION

### Failure to Allow or Pay for Meal Periods

### (California *Labor Code* §§ 226.7, 512, 558, & 1198, and Wage Order)

39.     Plaintiff realleges and incorporates herein by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

40.     At all times relevant herein, Defendants were required to provide Plaintiff and Class Members with meal periods that comply with the California *Labor Code* and applicable regulations and the Wage Order, including California *Labor Code* §§ 226.7 and 512.

41.     Consistent with Defendants' corporate policy, practice and pattern, Defendants regularly failed to provide, and in fact denied, Plaintiff's and Class Members' statutorily compliant meal periods.

42.     Consistent with Defendants' policy, practice and pattern, Defendants regularly staffed shifts in a way that did not allow Plaintiff and Class Members to take or timely take uninterrupted, duty-free meal periods.  As a pattern and practice, Defendants regularly failed to accurately record meal periods.  Furthermore, pursuant to Defendants' corporate policy, procedure and practice, Defendants improperly recorded the timing and taking of meal periods by editing the hours worked by Plaintiff and Class Members to reflect that meal periods were taken when in fact they were not taken, or to reflect a different time than the meal periods were actually taken, or a different amount of time taken for meal periods than was in fact actually taken.

43.     Plaintiff is informed and believes and based thereon alleges that Defendants willfully failed to pay Plaintiff and Class Members proper meal period premium wages for all non-compliant or missed meal periods.  Plaintiff is informed and believes and based thereon alleges that Defendants' willful failure to provide all such meal period wages due and owing Plaintiff and Subclass Members upon separation from employment results in a continued payment of wages up to thirty (30) days from the time the wages were due.  Therefore, Plaintiff is entitled to compensation pursuant to California *Labor Code* § 203.

44.     Such a pattern, practice and uniform administration of unlawful corporate policy regarding employee compensation as described herein creates an entitlement to recovery by Plaintiff for damages and wages owed, and for penalties, interest, costs and attorney's fees.

45.     Accordingly, Plaintiff and Class Members are entitled to one (1) hour of compensation at their regular hourly rate for each workday that the proper meal periods were not provided and one (1) hour of compensation at their regular hourly rate for each workday that the proper meal periods were not provided in penalty wages pursuant to California *Labor Code* § 226.7 and the Wage Order.

46.     Plaintiff and Class Members are further entitled to civil penalties under California *Labor Code* § 558 as follows:  For the initial violation, Fifty Dollars ($50.00) for each pay period for which the employee was underpaid, in addition to any amount sufficient to recover underpaid wages; and, for each subsequent violation, One Hundred Dollars ($100.00) for each pay period for which the employee was underpaid, in addition to any amount sufficient to recover underpaid wages.

## SECOND CAUSE OF ACTION

### Failure to Allow or Pay For Rest Periods

### (California *Labor Code* §226.7, 558 & 1198, and Wage Order)

47.     Plaintiff realleges and incorporates herein by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

48.     At all times relevant herein, Defendants were required to provide Plaintiff and Class Members with rest periods that comply with the California *Labor Code* and applicable regulations and IWC wage order, including California *Labor Code* § 226.7.

49.     Defendants regularly failed to provide, and in fact denied, Plaintiff and Class Members statutorily compliant rest periods.

50.     Defendants regularly staffed shifts in a way that did not allow Plaintiff and Class Members to take or timely take mandated rest periods.

51.     Plaintiff is informed and believes and based thereon alleges that Defendants willfully failed to pay Plaintiff and Class Members proper rest period premium wages for all

non-compliant or missed rest periods.  Plaintiff is informed and believes and based thereon alleges that Defendants' willful failure to provide all such rest period wages due and owing upon separation from employment results in a continued payment of wages up to thirty (30) days from the time the wages were due.  Therefore, Plaintiff and Class Members are entitled to compensation pursuant to California *Labor Code* § 203.

52.     Such a pattern, practice and uniform administration of unlawful corporate policy regarding employee compensation as described herein creates an entitlement to recovery by Plaintiff and Class Members for damages and wages owed, and for penalties, interest, costs and attorney's fees.

53.     Plaintiff and Class Members were regularly scheduled as a matter of uniform company policy to work, and in fact worked, without rest breaks in violation of California *Labor Code* §§ 226.7 and 512 and the Wage Order, in that they were not permitted to take one (1) ten (10) minute rest break for every four (4) hours worked.

54.     Accordingly, Plaintiff and Class Members are entitled to one (1) hour of compensation at his regular hourly rate for each workday that the proper rest periods were not provided and one (1) hour of compensation at their regular hourly rate for each workday that the proper rest periods were not provided in penalty wages pursuant to *California Labor Code* § 226.7 and the Wage Order.

55.     Plaintiff and Class Members are further entitled to civil penalties under California *Labor Code* § 558 as follows:  For the initial violation, Fifty Dollars ($50.00) for each pay period for which Plaintiff and Class Members were underpaid, in addition to any amount sufficient to recover underpaid wages; and, for each subsequent violation, One Hundred Dollars ($100.00) for each pay period for which Plaintiff and Class Members were underpaid, in addition to any amount sufficient to recover.

///
///
///
///

11

Complaint

## THIRD CAUSE OF ACTION

### Waiting Time Penalties

### (California *Labor Code* §§ 201-203 and 558)

56.     Plaintiff realleges and incorporates herein by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

57.     At all times relevant herein, Defendants were required to pay their employees all wages owed in a timely fashion during and at the end of their employment, pursuant to California *Labor Code* §§ 201 through 203.

58.     Defendants failed to pay Plaintiff and Subclass Members their final wages pursuant to California *Labor Code* §§ 201 through 203, and accordingly owe waiting time penalties pursuant to California *Labor Code* § 203.

59.     The conduct of Defendants and their agents and managerial employees as described herein was willful, and in violation of the rights of Plaintiff and Subclass Members.

60.     Plaintiff is informed and believes and based thereon alleges that Defendants' willful failure to pay wages due and owing to Plaintiff and Subclass Members upon separation from employment results in a continued payment of wages up to thirty (30) days from the time the wages were due.  Therefore, Plaintiff and Subclass Members are entitled to compensation pursuant to California *Labor Code* § 203.

## FOURTH CAUSE OF ACTION

### Failure to Provide Accurate Itemized Wage Statements

### (California *Labor Code* §§ 226(a), and 558)

61.     Plaintiff realleges and incorporates herein by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

62.     At all times relevant hereto, California *Labor Code* § 226(a) provides, and provided, that every employer shall furnish each of its employees an accurate itemized wage statement in writing showing nine (9) pieces of information, including: (1) gross wages earned, (2) total hours worked by the employee, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided

12

Complaint

that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and the last four digits of his or him social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

63.   Defendants failed in their affirmative obligation to keep accurate payroll records reflecting the actual hours worked, and the amount of compensation due to Plaintiff and Class Members. Defendants, as a matter of policy and practice, did not maintain accurate records in violation of California *Labor Code* § 226.

64.   For example, as a matter of policy and practice, among the violations of California *Labor Code* § 226, Defendants failed to keep accurate records reflecting total number of hours worked.  As a result, Defendants failed to provide true and accurate wage statements to Plaintiff and Class Members, as required by California *Labor Code* § 226.

65.   Such a pattern, practice and uniform administration of corporate policy as described herein is unlawful and creates an entitlement to recovery by Plaintiff and Class Members in a civil action for all damages and/or penalties pursuant to California *Labor Code* § 226, including interest thereon, penalties, reasonable attorney's fees, and costs of suit according to the mandate of California *Labor Code* § 226, in amount according to proof.

66.   Plaintiff and Class Members are entitled to recover from Defendants the greater of their actual damages caused by Defendants' failure to comply with California *Labor Code* § 226(a), or an aggregate penalty not exceeding Four Thousand Dollars ($4,000.00).

## FIFTH CAUSE OF ACTION

### Unfair Business Practices

### (California *Business and Professions Code* §§ 17200, *et seq.*)

67.   Plaintiff realleges and incorporates herein by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

68.     Defendants engaged in unfair business practices in California by practicing, employing and utilizing the employment practices outlined above, including but not limited to failing to provide meal and rest breaks and failing to provide itemized wage statements. Defendants' utilization of such unfair business practices constitutes unfair competition and provides an unfair advantage over Defendants' competitors.

69.     Plaintiff, and other similarly situated members of the general public, seek full restitution and disgorgement of monies, as necessary and according to proof, to restore any and all monies withheld, acquired and/or converted by the Defendants by means of the unfair practices complained of herein. Plaintiff seeks, on his own behalf and on behalf of the general public, the appointment of a receiver, as necessary.  The acts complained of herein occurred, at least in part, within the last four (4) years preceding the filing of the original complaint in this action.

70.     Plaintiff is informed and believes and on that basis alleges that, at all times herein mentioned, Defendants have engaged in unlawful, deceptive and unfair business practices, as proscribed by California *Business and Professions Code* §§ 17200, *et seq.*, as set forth above, thereby depriving Plaintiff and other members of the general public the minimum working condition standards and conditions due to them under the California labor laws and the Wage Order as specifically described herein.

71.     Plaintiff, and all persons similarly situated, are further entitled to and do seek a declaration that the above-described business practices are unfair, unlawful and/or fraudulent.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment for themselves and all others on whose behalf this suit is brought against Defendants as follows:

A.     An order that the action be certified as a class action;

B.     An order that Plaintiff be appointed class representative;

C.     And order that counsel for Plaintiff be appointed class counsel;

D.     For compensatory damages in an amount according to proof with interest thereon;

14

Complaint

E.   For economic and/or special damages in an amount according to proof with interest thereon;

F.   For payment of penalties in accordance with California law;

G.   For Defendants to be found to have engaged in unfair competition in violation of California *Business and Professions Code* §§ 17200, *et seq.*;

H.   For all penalties permitted by California Labor Code § 558;

I.   For Defendants to be ordered and enjoined to make restitution to Plaintiff and disgorgement of profits from their unlawful business practices and accounting, pursuant to California *Business and Professions Code* §§ 17203 and 17204;

J.   For general damages, in an amount according to proof;

I.   For special damages, in an amount according to proof;

J.   For loss of earnings, in an amount according to proof, with interest thereon

K.   For punitive and exemplary damages, in an amount according to proof

L.   For interests, attorneys' fees and cost of suit under *Labor Code* §§ 226 and 1194 and *Code of Civil Procedure* §1021.5; and,

M.   For all such other and further relief that the court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

Dated: June 19, 2017                    By: _____

Law Offices of Todd M. Friedman, P.C.

Todd M. Friedman, Esq.

Complaint

# EXHIBIT B

*6/23/17 @BPr*

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
**(AVISO AL DEMANDADO):**

CORECIVIC OF TENNESSEE, LLC,

**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**

THOMAS RICHARDS, individually and on behalf of all others similarly situated,

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**06/21/2017** at 09:59:27 AM

Clerk of the Superior Court
By Carla Brennan, Deputy Clerk

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have **30 CALENDAR DAYS** after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is: <br> *(El nombre y dirección de la corte es):* The Hall of Justice <br><br> **330 West Broadway** <br> **San Diego, CA 92101** | **CASE NUMBER:** <br> *(Número del Caso):* <br><br> 37-2017-00022588-CU-OE-CTL |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Todd M. Friedman, 21550 Oxnard St., Suite 780  Woodland Hills, CA 91367, 877-206-4741

| DATE: <br> *(Fecha)*   06/22/2017 | Clerk, by <br> *(Secretario)*   C. Brennan | , Deputy <br> *(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. [  ] as an individual defendant.
2. [  ] as the person sued under the fictitious name of *(specify):*

3. [X] on behalf of *(specify):* CoreCivic of Tennessee, LLC

   under: [  ] CCP 416.10 (corporation)     [  ] CCP 416.60 (minor)
          [  ] CCP 416.20 (defunct corporation)   [  ] CCP 416.70 (conservatee)
          [  ] CCP 416.40 (association or partnership)  [  ] CCP 416.90 (authorized person)
          [X] other *(specify):* CCP § 17061 (Limited Liability Company)
4. [  ] by personal delivery on *(date):*

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

ELECTRONICALLY FILED
Superior Court of California,
County of San Diego

06/21/2017 at 09:59:27 AM
Clerk of the Superior Court
By Carla Brennan, Deputy Clerk

Todd M. Friedman (SBN 216752)
Adrian R. Bacon (SBN 280332)
Law Offices of Todd M. Friedman, P.C.
21550 Oxnard St. Ste. 780
Woodland Hills, CA 91367
Phone: 877-206-4741
Fax: 866-633-0228
tfriedman@toddflaw.com
abacon@toddflaw.com
Attorneys for Plaintiff

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
## FOR THE COUNTY OF SAN DIEGO

THOMAS RICHARDS, individually and on behalf of all others similarly situated,

Plaintiff,

v.

CORECIVIC OF TENNESSEE, LLC,

Defendants.

CASE NO.: 37-2017-00022588-CU-OE-CTL

**CLASS ACTION COMPLAINT FOR:**

1. **FAILURE TO ALLOW OR PAY FOR MEAL PERIODS (Labor Code §§ 226.7, 512, 558 & 1198);**
2. **FAILURE TO ALLOW OR PAY FOR REST PERIODS (Labor Code §§ 226.7, 558 & 1198);**
3. **WAITING TIME PENALTIES (Labor Code §§ 201-203 & 558);**
4. **FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS (Labor Code §§ 226 & 558);**
5. **VIOLATION OF CALIFORNIA BUSINESS & PROFESSIONS CODE §17200;**

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

Plaintiff, THOMAS RICHARDS, on behalf of himself and a class of all other similarly situated current and former employees of Defendant, hereby brings his complaint against the above-named Defendants and states and alleges as follows:

1

Complaint

## INTRODUCTION

1.      This action is within the Court's jurisdiction pursuant to the provisions of California *Labor Code* §§ 201-203, 226, 226.7, and California *Business and Professions Code* §§ 17200, *et seq*.

2.      This Complaint challenges illegal employment practices resulting in violations of the California *Labor Code, Business and Professions Code*, and applicable Industrial Welfare Commission ("IWC") wage order against Plaintiff.

3.      Plaintiff is informed and believes and based thereon alleges that Defendants, jointly and severally, have acted intentionally and with deliberate indifference and conscious disregard of the rights of employees in, among other things, failing to provide the statutorily required meal and rest periods and failing to pay the statutorily required meal period and rest period premium wages when not provided, failing to pay wages in a timely fashion, including at the end of employment, and failing to keep statutorily required payroll records.

4.      Plaintiff is informed and believes and based thereon allege that Defendants have engaged in, among other things, a system of willful violations of the California *Labor Code, Business and Professions Code*, and applicable IWC wage order by: (a) failing to pay all final wages to Plaintiff and the Class Members in a timely fashion; (b) failing to pay all meal and rest period premium wages to Plaintiff and Class Members; (c) failing to provide, or timely provide, all required meal and rest periods to Plaintiff and Class Members; and (d) failing to keep proper records pursuant to *California Labor Code* § 226 and §§ 1174 and 1174.5.

5.      Plaintiff also alleges that Defendants, and each of them, had the clear ability to pay such wages as are/were due and owing to the Plaintiff and Class Members, but intentionally did not pay such wages, in conscious disregard of the rights of Plaintiff and Class Members to timely payment of wages.

6.      This action seeks relief for the un-remediated violations of California law including, inter alia:

      a.      Damages and/or restitution, as appropriate, to Plaintiff and Class Members, for non-payment of the wages due and interest thereon;

2

Complaint

b. Damages and/or restitution, as appropriate, to Plaintiff and Class Members, for non-payment of meal and rest period wages, including premium wages;

c. Damages and/or penalties for Plaintiff and Class Members, who were not issued accurate itemized wage statements in conformity with California law.

d. Damages and/or penalties for Plaintiff and Class Members, who were terminated, and who were not paid all wages due and owing in conformity with California law;

e. Attorney fees and costs as provided by statute and/or applicable case law including, without limitation, Labor Code §§ 226 and 1194, and Code of Civil Procedure § 1021.5; and such other relief as the Court deems just and proper.

7. "Class Period" shall mean the period from four years prior to the date this Complaint was filed, through and including the date judgment is rendered in this matter. Plaintiff herein reserves the right to amend this Complaint to reflect a different Class Period as discovery in this matter proceeds.

8. The actions of Defendant are in violation of the Labor Code as well as IWC wage orders and, as a result, are unlawful and unfair acts, thus constituting a violation of California Business & Professions Code section 17200, et seq. (Unfair Competition Law, "UCL").

9. The policies, practices and customs of Defendants described above and below have resulted in the unjust enrichment of Defendants and an unfair business advantage over businesses that routinely adhere to the strictures of the California *Labor Code* and the *Business and Professions Code.*

## JURISDICTION AND VENUE

10. This Court has jurisdiction over Plaintiff and Class members' claims for failure to provide required meal and rest periods, failure to provide accurate wage statements, and failure to pay all earned wages upon termination pursuant to the Labor Code, including, but not limited to, sections 200, 201, 202, 203, 226, 226.7, 558, 1174, 1174.5, 1198, and the IWC wage orders.

3

**Complaint**

11.     This Court has jurisdiction over Plaintiff and Class members' claims for injunctive relief, including restitution of earned wages, which are the money and property of Plaintiff and Class members, arising from Defendant's unfair competition under UCL sections 17203 and 17204.

12.     This Court also has jurisdiction over Plaintiff and Class members' claims for penalties in violation of the Labor Code pursuant to UCL section 17202, as well as pursuant to the applicable Labor Code provisions.

13.     Venue as to Defendant is proper in this County pursuant to Code of Civil Procedure section 395(a).  Plaintiff is informed and believes, and thereon alleges that Defendant conducts business, employs Class members, and has locations in this County, and the events complained of occurred in this County.

## PARTIES

14.     Plaintiff is informed and believes and based thereon allege that Defendant CORECIVIC, INC. is a corporation with headquarters in Tennessee and incorporated in Maryland.  Plaintiff is informed and believes and thereon alleges that Defendant, at all times herein mentioned, is and was doing business in the County of San Diego, State of California.

15.     Plaintiff THOMAS RICHARDS is, and at relevant times herein was, a resident of the County of San Diego, California. From on or about August 22, 2011, until December 8, 2016, Plaintiff had been employed by Defendants.  Plaintiff was employed as a Detention Officer.

16.     Plaintiff is informed and believes and based thereon alleges that at all times herein mentioned Defendants are and were corporations, business entities, individuals, and partnerships, licensed to do business and actually doing business in the State of California.

17.     The members of the Class, including the named, representative Plaintiff, have been employed by Defendant during the Class Period in California.  The practices and policies which are complained of by way of this Complaint are enforced by Defendant throughout the State of California.

///

4

Complaint

## FACTUAL ALLEGATIONS

18.     Defendant is a corrections facility operator with facilities across the country.  On or about August 22, 2011, Plaintiff commenced his employment with Defendant in a facility located in San Diego, California.  Plaintiff was paid hourly for his services.

19.     While employed with Defendant, Plaintiff was not allowed the meal and rest breaks that are required by California law.  Plaintiff was compensated by the minute on his timecards, and was not paid meal or rest break premiums.

20.     Plaintiff terminated his employment with defendant on December 8, 2016.

21.     Following the end of his employment, Plaintiff still has not received his due compensation for being forced by Defendant to work through his legally required meal and break times.

22.     At all times herein mentioned, Plaintiff was an employee of Defendants in the State of California, and Defendants were and are employers employing persons in the State of California.  As such, Plaintiff was the type of persons contemplated to be protected by the California Labor Code and the Wage Order, and said laws and regulations were intended to apply to Defendants and to prevent the type of injury and damage herein.

23.     Plaintiff is informed and believes and based thereon alleges that Defendants are and were advised by skilled lawyers and other professionals, employees, and advisors with knowledge of the requirements of California's wage and hour laws.

24.     Plaintiff is informed and believes and based thereon alleges that Defendants know, should know, knew or should have known that Plaintiff and Class Members were entitled to receive duty-free meal periods within the first five (5) hours of any shift of six (6) or more hours worked, and that any failure to do so requires Defendants to pay Plaintiff and Class Members one (1) hour of wages per day for untimely, missed, or on-duty meal periods.

25.     Plaintiff is informed and believes and based thereon alleges that Defendants had a consistent policy or practice of requiring Plaintiff and Class Members to continue working through meal periods, or were required to stay on the premises during their meal periods, or

5

Complaint

were interrupted during their meal periods, or Defendants otherwise failing to provide a duty-free meal period within the first five (5) hours of any shift of six (6) or more hours worked.

26.  Plaintiff is informed and believe and based thereon alleges that Defendants had a consistent policy or practice of failing to compensate Plaintiff and Class Members for duty-free meal periods that were not provided within the first five (5) hours of any shift of six (6) or more hours worked, and for on-duty meal periods.

27.  Plaintiff is informed and believes and based thereon alleges that Defendants know, should know, knew or should have known that Plaintiff and Class Members were and are entitled to one (1) ten (10) minute rest break for each shift of four (4) hours or more, and that any failure to allow said breaks requires Defendants to pay Plaintiff one (1) hour of wages per day for missed or on-duty rest breaks.

28.  Plaintiff is informed and believes and based thereon alleges that Defendants had a consistent policy or practice of failing to provide to Plaintiff and Class Members one (1) ten (10) minute break for each shift of four (4) hours or more worked.

29.  Plaintiff is informed and believes and based thereon alleges that Defendants had a consistent policy or practice of failing to compensate Plaintiff and Class Members for missed rest breaks that were not provided within each four (4) hours of a shift.

30.  Plaintiff is informed and believes and based thereon alleges that Defendant had a consistent policy or practice of failing to provide Plaintiff and Class Members with accurate wage statements reflecting the true number of hours worked due to Defendants' failure to provide lawful, timely, and duty-free meal and rest periods and failure to document all hours worked.

## CLASS ACTION ALLEGATIONS

31.  Plaintiff brings this action as a class action pursuant to California Code of Civil Procedure ("CCP") section 382, on behalf of the following defined Class and Subclass:

> All non-exempt individuals who are currently or have been employed in California by Defendant during the Class Period, and whose working conditions are not controlled by a collective bargaining agreement.

6

Complaint

<u>Subclass:</u>

All Class members whose employment with Defendant has terminated during the Class Period.

32.     As used throughout this Complaint, the term "Class Period" shall mean the period from four years prior to the date this Complaint was filed, through and including the date judgment is rendered in this matter.

33.     <u>Numerosity:</u> Plaintiff is informed and believes, and on that basis alleges, that during the Class Period, there have been over one hundred Class members.  As a result, the members of the Class are so numerous that joinder of all members is impossible and/or impracticable.

34.     <u>Commonality:</u> Common questions of law and fact exist as to all members of the Class and predominate over any questions affecting solely individual members of the Class. Among the questions of law and fact, that are relevant to the adjudication of Class members' claims are the following:

      a.  Whether Defendant failed to provide Plaintiff and members of the Class with accurate wage statements in violation of Labor Code section 226, and applicable Industrial Welfare Commission Orders, and applicable State Regulations;

      b.  Whether Defendant had/has policies and/or practices that result in meal periods not being adequately captured and recorded;

      c.  Whether Defendant had/has policies and/or practices that result in meal periods premiums not being adequately paid to employees;

      d.  Whether Defendant had/has policies and/or practices that result in rest periods not being adequately captured and recorded;

      e.  Whether Defendant had/has policies and/or practices that result in rest periods premiums not being adequately paid to employees;

      f.  Whether Defendant unlawfully and/or willfully failed to pay Plaintiff and members of the Class for hours worked in violation of the applicable Industrial Welfare Commission Order and Labor Code sections 200 and 226;

g.  Whether Defendant unlawfully and/or willfully failed to promptly pay compensation owing to members of the Subclass upon termination of their employment in violation of Labor Code sections 201-203;

h.  Whether Plaintiff and members of the Class sustained damages, and if so, the proper measure of such damages, as well as interest, penalties, costs, attorneys' fees, and equitable relief; and,

i.  Whether Defendant violated the Unfair Competition Law of California, Business and Professions Code sections 17200, et seq., by violating the above-cited provisions, and treating Plaintiff and members of the Class unfairly by failing to furnish an accurate, itemized wage statement upon payment of wages and by failing to allow required meal and rest breaks.

35.  <u>Typicality:</u> Plaintiff's claims are typical of the members of the Class. Plaintiff, like other members of the Class, was subjected to Defendant's policies and/or practices set forth above.

36.  <u>Adequacy of Representation:</u> Plaintiff will fairly and adequately protect the interests of the members of the Class and has retained counsel competent and experienced in both class action and employment litigation.

37.  <u>Superiority:</u> Questions of law or fact common to Class members predominate over any questions solely affecting individual Class members and class action is superior to other available methods for the fair and efficient adjudication of this controversy. Class action treatment will allow a large number of similarly situated Class members to simultaneously and efficiently prosecute their common claims in a single forum without the needless duplication of effort and expense that numerous individual actions would entail. In addition, a class action will serve the important public interest of permitting Class members harmed by Defendant's unlawful policies and/or practices to effectively pursue recovery of the sums owed to them.

38.  Plaintiff knows of no difficulty which will be encountered in the management of this litigation which would preclude its maintenance as a class action.

///

## FIRST CAUSE OF ACTION

### Failure to Allow or Pay for Meal Periods

### (California *Labor Code* §§ 226.7, 512, 558, & 1198, and Wage Order)

39.     Plaintiff realleges and incorporates herein by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

40.     At all times relevant herein, Defendants were required to provide Plaintiff and Class Members with meal periods that comply with the California *Labor Code* and applicable regulations and the Wage Order, including California *Labor Code* §§ 226.7 and 512.

41.     Consistent with Defendants' corporate policy, practice and pattern, Defendants regularly failed to provide, and in fact denied, Plaintiff's and Class Members' statutorily compliant meal periods.

42.     Consistent with Defendants' policy, practice and pattern, Defendants regularly staffed shifts in a way that did not allow Plaintiff and Class Members to take or timely take uninterrupted, duty-free meal periods.  As a pattern and practice, Defendants regularly failed to accurately record meal periods.  Furthermore, pursuant to Defendants' corporate policy, procedure and practice, Defendants improperly recorded the timing and taking of meal periods by editing the hours worked by Plaintiff and Class Members to reflect that meal periods were taken when in fact they were not taken, or to reflect a different time than the meal periods were actually taken, or a different amount of time taken for meal periods than was in fact actually taken.

43.     Plaintiff is informed and believes and based thereon alleges that Defendants willfully failed to pay Plaintiff and Class Members proper meal period premium wages for all non-compliant or missed meal periods.  Plaintiff is informed and believes and based thereon alleges that Defendants' willful failure to provide all such meal period wages due and owing Plaintiff and Subclass Members upon separation from employment results in a continued payment of wages up to thirty (30) days from the time the wages were due.  Therefore, Plaintiff is entitled to compensation pursuant to California *Labor Code* § 203.

9

Complaint

44.     Such a pattern, practice and uniform administration of unlawful corporate policy regarding employee compensation as described herein creates an entitlement to recovery by Plaintiff for damages and wages owed, and for penalties, interest, costs and attorney's fees.

45.     Accordingly, Plaintiff and Class Members are entitled to one (1) hour of compensation at their regular hourly rate for each workday that the proper meal periods were not provided and one (1) hour of compensation at their regular hourly rate for each workday that the proper meal periods were not provided in penalty wages pursuant to California *Labor Code* § 226.7 and the Wage Order.

46.     Plaintiff and Class Members are further entitled to civil penalties under California *Labor Code* § 558 as follows:  For the initial violation, Fifty Dollars ($50.00) for each pay period for which the employee was underpaid, in addition to any amount sufficient to recover underpaid wages; and, for each subsequent violation, One Hundred Dollars ($100.00) for each pay period for which the employee was underpaid, in addition to any amount sufficient to recover underpaid wages.

## SECOND CAUSE OF ACTION

### Failure to Allow or Pay For Rest Periods

### (California *Labor Code* §226.7, 558 & 1198, and Wage Order)

47.     Plaintiff realleges and incorporates herein by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

48.     At all times relevant herein, Defendants were required to provide Plaintiff and Class Members with rest periods that comply with the California *Labor Code* and applicable regulations and IWC wage order, including California *Labor Code* § 226.7.

49.     Defendants regularly failed to provide, and in fact denied, Plaintiff and Class Members statutorily compliant rest periods.

50.     Defendants regularly staffed shifts in a way that did not allow Plaintiff and Class Members to take or timely take mandated rest periods.

51.     Plaintiff is informed and believes and based thereon alleges that Defendants willfully failed to pay Plaintiff and Class Members proper rest period premium wages for all

non-compliant or missed rest periods.  Plaintiff is informed and believes and based thereon alleges that Defendants' willful failure to provide all such rest period wages due and owing upon separation from employment results in a continued payment of wages up to thirty (30) days from the time the wages were due.  Therefore, Plaintiff and Class Members are entitled to compensation pursuant to California *Labor Code* § 203.

52.     Such a pattern, practice and uniform administration of unlawful corporate policy regarding employee compensation as described herein creates an entitlement to recovery by Plaintiff and Class Members for damages and wages owed, and for penalties, interest, costs and attorney's fees.

53.     Plaintiff and Class Members were regularly scheduled as a matter of uniform company policy to work, and in fact worked, without rest breaks in violation of California *Labor Code* §§ 226.7 and 512 and the Wage Order, in that they were not permitted to take one (1) ten (10) minute rest break for every four (4) hours worked.

54.     Accordingly, Plaintiff and Class Members are entitled to one (1) hour of compensation at his regular hourly rate for each workday that the proper rest periods were not provided and one (1) hour of compensation at their regular hourly rate for each workday that the proper rest periods were not provided in penalty wages pursuant to *California Labor Code* § 226.7 and the Wage Order.

55.     Plaintiff and Class Members are further entitled to civil penalties under California *Labor Code* § 558 as follows:  For the initial violation, Fifty Dollars ($50.00) for each pay period for which Plaintiff and Class Members were underpaid, in addition to any amount sufficient to recover underpaid wages; and, for each subsequent violation, One Hundred Dollars ($100.00) for each pay period for which Plaintiff and Class Members were underpaid, in addition to any amount sufficient to recover.

///
///
///
///

### THIRD CAUSE OF ACTION

#### Waiting Time Penalties

#### (California *Labor Code* §§ 201-203 and 558)

56.     Plaintiff realleges and incorporates herein by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

57.     At all times relevant herein, Defendants were required to pay their employees all wages owed in a timely fashion during and at the end of their employment, pursuant to California *Labor Code* §§ 201 through 203.

58.     Defendants failed to pay Plaintiff and Subclass Members their final wages pursuant to California *Labor Code* §§ 201 through 203, and accordingly owe waiting time penalties pursuant to California *Labor Code* § 203.

59.     The conduct of Defendants and their agents and managerial employees as described herein was willful, and in violation of the rights of Plaintiff and Subclass Members.

60.     Plaintiff is informed and believes and based thereon alleges that Defendants' willful failure to pay wages due and owing to Plaintiff and Subclass Members upon separation from employment results in a continued payment of wages up to thirty (30) days from the time the wages were due.  Therefore, Plaintiff and Subclass Members are entitled to compensation pursuant to California *Labor Code* § 203.

### FOURTH CAUSE OF ACTION

#### Failure to Provide Accurate Itemized Wage Statements

#### (California *Labor Code* §§ 226(a), and 558)

61.     Plaintiff realleges and incorporates herein by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

62.     At all times relevant hereto, California *Labor Code* § 226(a) provides, and provided, that every employer shall furnish each of its employees an accurate itemized wage statement in writing showing nine (9) pieces of information, including: (1) gross wages earned, (2) total hours worked by the employee, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided

12

Complaint

that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and the last four digits of his or him social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

63.     Defendants failed in their affirmative obligation to keep accurate payroll records reflecting the actual hours worked, and the amount of compensation due to Plaintiff and Class Members. Defendants, as a matter of policy and practice, did not maintain accurate records in violation of California *Labor Code* § 226.

64.     For example, as a matter of policy and practice, among the violations of California *Labor Code* § 226, Defendants failed to keep accurate records reflecting total number of hours worked.  As a result, Defendants failed to provide true and accurate wage statements to Plaintiff and Class Members, as required by California *Labor Code* § 226.

65.     Such a pattern, practice and uniform administration of corporate policy as described herein is unlawful and creates an entitlement to recovery by Plaintiff and Class Members in a civil action for all damages and/or penalties pursuant to California *Labor Code* § 226, including interest thereon, penalties, reasonable attorney's fees, and costs of suit according to the mandate of California *Labor Code* § 226, in amount according to proof.

66.     Plaintiff and Class Members are entitled to recover from Defendants the greater of their actual damages caused by Defendants' failure to comply with California *Labor Code* § 226(a), or an aggregate penalty not exceeding Four Thousand Dollars ($4,000.00).

### FIFTH CAUSE OF ACTION

**Unfair Business Practices**

**(California *Business and Professions Code* §§ 17200, *et seq*.)**

67.     Plaintiff realleges and incorporates herein by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

13

Complaint

68.     Defendants engaged in unfair business practices in California by practicing, employing and utilizing the employment practices outlined above, including but not limited to failing to provide meal and rest breaks and failing to provide itemized wage statements. Defendants' utilization of such unfair business practices constitutes unfair competition and provides an unfair advantage over Defendants' competitors.

69.     Plaintiff, and other similarly situated members of the general public, seek full restitution and disgorgement of monies, as necessary and according to proof, to restore any and all monies withheld, acquired and/or converted by the Defendants by means of the unfair practices complained of herein. Plaintiff seeks, on his own behalf and on behalf of the general public, the appointment of a receiver, as necessary.  The acts complained of herein occurred, at least in part, within the last four (4) years preceding the filing of the original complaint in this action.

70.     Plaintiff is informed and believes and on that basis alleges that, at all times herein mentioned, Defendants have engaged in unlawful, deceptive and unfair business practices, as proscribed by California *Business and Professions Code* §§ 17200, *et seq.*, as set forth above, thereby depriving Plaintiff and other members of the general public the minimum working condition standards and conditions due to them under the California labor laws and the Wage Order as specifically described herein.

71.     Plaintiff, and all persons similarly situated, are further entitled to and do seek a declaration that the above-described business practices are unfair, unlawful and/or fraudulent.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment for themselves and all others on whose behalf this suit is brought against Defendants as follows:

A.     An order that the action be certified as a class action;

B.     An order that Plaintiff be appointed class representative;

C.     And order that counsel for Plaintiff be appointed class counsel;

D.     For compensatory damages in an amount according to proof with interest thereon;

14

Complaint

E.   For economic and/or special damages in an amount according to proof with interest thereon;

F.   For payment of penalties in accordance with California law;

G.   For Defendants to be found to have engaged in unfair competition in violation of California *Business and Professions Code* §§ 17200, *et seq.*;

H.   For all penalties permitted by California Labor Code § 558;

I.   For Defendants to be ordered and enjoined to make restitution to Plaintiff and disgorgement of profits from their unlawful business practices and accounting, pursuant to California *Business and Professions Code* §§ 17203 and 17204;

J.   For general damages, in an amount according to proof;

I.   For special damages, in an amount according to proof;

J.   For loss of earnings, in an amount according to proof, with interest thereon

K.   For punitive and exemplary damages, in an amount according to proof

L.   For interests, attorneys' fees and cost of suit under *Labor Code* §§ 226 and 1194 and *Code of Civil Procedure* §1021.5; and,

M.   For all such other and further relief that the court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

Dated: June 19, 2017                    By: _____

Law Offices of Todd M. Friedman, P.C.

Todd M. Friedman, Esq.

15

Complaint

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Todd M. Friedman, Esq. SBN 216752<br>Law Offices of Todd M. Friedman<br>21550 Oxnard St., Suite 780<br>Woodland Hills, CA 91367<br>TELEPHONE NO: 877-206-4741   FAX NO: 866-633-0228<br>ATTORNEY FOR *(Name):* Plaintiff, THOMAS RICHARDS | **ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of San Diego<br><br>**06/21/2017** at 09:59:27 AM<br>Clerk of the Superior Court<br>By Carla Brennan, Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Diego
STREET ADDRESS: 330 West Broadway
MAILING ADDRESS: 330 West Broadway
CITY AND ZIP CODE: San Diego 92101
BRANCH NAME: The Hall of Justice

CASE NAME:
THOMAS RICHARDS et al. v. CORECIVIC OF TENNESSEE, LLC

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [✓] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>*(Cal. Rules of Court, rule 3.402)* | | 37-2017-00022588-CU-OE-CTL |
| | | | DEPT: | Judge John S. Meyer |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[✓] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [✓] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a.[✓] monetary   b.[✓] nonmonetary; declaratory or injunctive relief   c.[✓] punitive
4. Number of causes of action *(specify):* 5
5. This case [✓] is [ ] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: June 19, 2017
Todd M. Friedman
_____          ▶ _____
(TYPE OR PRINT NAME)                              (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | |
|---|---|
| STREET ADDRESS: | 330 W Broadway |
| MAILING ADDRESS: | 330 W Broadway |
| CITY AND ZIP CODE: | San Diego, CA 92101-3827 |
| BRANCH NAME: | Central |
| TELEPHONE NUMBER: | (619) 450-7061 |

| PLAINTIFF(S) / PETITIONER(S):   Thomas Richards |
|---|

| DEFENDANT(S) / RESPONDENT(S):  CoreCivic of Tennessee LLC |
|---|

| THOMAS RICHARDS VS CORECIVIC OF TENESSEE LLC [IMAGED] | |
|---|---|
| **NOTICE OF CASE ASSIGNMENT AND CASE MANAGEMENT CONFERENCE on MANDATORY eFILE CASE** | CASE NUMBER:<br>37-2017-00022588-CU-OE-CTL |

## CASE ASSIGNMENT

Judge:  John S. Meyer                                   Department: C-61

**COMPLAINT/PETITION FILED: 06/21/2017**

| TYPE OF HEARING SCHEDULED | DATE | TIME | DEPT | JUDGE |
|---|---|---|---|---|
| Civil Case Management Conference | 12/29/2017 | 09:30 am | C-61 | John S. Meyer |

A case management statement must be completed by counsel for all parties or self-represented litigants and timely filed with the court at least 15 days prior to the initial case management conference. (San Diego Local Rules, Division II, CRC Rule 3.725).

All counsel of record or parties in pro per shall appear at the Case Management Conference, be familiar with the case, and be fully prepared to participate effectively in the hearing, including discussions of ADR* options.

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT), THE ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION FORM (SDSC FORM #CIV-730), A STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR) (SDSC FORM #CIV-359), AND OTHER DOCUMENTS AS SET OUT IN SDSC LOCAL RULE 2.1.5.

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

TIME STANDARDS: The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time. General civil cases consist of all civil cases except: small claims proceedings, civil petitions, unlawful detainer proceedings, probate, guardianship, conservatorship, juvenile, parking citation appeals, and family law proceedings.

COMPLAINTS: Complaints and all other documents listed in SDSC Local Rule 2.1.5 must be served on all named defendants.

DEFENDANT'S APPEARANCE: Defendant must generally appear within 30 days of service of the complaint. (Plaintiff may stipulate to no more than 15 day extension which must be in writing and filed with the Court.) (SDSC Local Rule 2.1.6)

JURY FEES: In order to preserve the right to a jury trial, one party for each side demanding a jury trial shall pay an advance jury fee in the amount of one hundred fifty dollars ($150) on or before the date scheduled for the initial case management conference in the action.

MANDATORY eFILE: Case assigned to mandatory eFile program per CRC 3.400-3.403 and SDSC Rule 2.4.11. All documents must be eFiled at www.onelegal.com. Refer to General Order in re procedures regarding electronically imaged court records, electronic filing, and access to electronic court records in civil and probate cases or guidelines and procedures.

COURT REPORTERS: Court reporters are not provided by the Court in Civil cases. See policy regarding normal availability and unavailability of official court reporters at www.sdcourt.ca.gov.

*ALTERNATIVE DISPUTE RESOLUTION (ADR): THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO TRIAL, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. PARTIES MAY FILE THE ATTACHED STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (SDSC FORM #CIV-359).



**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

**ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION**

CASE NUMBER: 37-2017-00022588-CU-OE-CTL      CASE TITLE: Thomas Richards vs CoreCivic of Tenessee LLC [Imaged]

**NOTICE:** All plaintiffs/cross-complainants in a general civil case are required to serve a copy of the following three forms on each defendant/cross-defendant, together with the complaint/cross-complaint:
> (1) this Alternative Dispute Resolution (ADR) Information form (SDSC form #CIV-730),
> (2) the Stipulation to Use Alternative Dispute Resolution (ADR) form (SDSC form #CIV-359), _and_
> (3) the Notice of Case Assignment form (SDSC form #CIV-721).

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts, community organizations, and private providers offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. The San Diego Superior Court expects that litigants will utilize some form of ADR as a mechanism for case settlement before trial, and it may be beneficial to do this early in the case.

Below is some information about the potential advantages and disadvantages of ADR, the most common types of ADR, and how to find a local ADR program or neutral. A form for agreeing to use ADR is attached (SDSC form #CIV-359).

**Potential Advantages and Disadvantages of ADR**
ADR may have a variety of advantages or disadvantages over a trial, depending on the type of ADR process used and the particular case:

| **Potential Advantages** | **Potential Disadvantages** |
| --- | --- |
| • Saves time | • May take more time and money if ADR does not resolve the dispute |
| • Saves money | |
| • Gives parties more control over the dispute resolution process and outcome | • Procedures to learn about the other side's case (discovery), jury trial, appeal, and other court protections may be limited or unavailable |
| • Preserves or improves relationships | |

**Most Common Types of ADR**
You can read more information about these ADR processes and watch videos that demonstrate them on the court's ADR webpage at http://www.sdcourt.ca.gov/adr.

**Mediation:** A neutral person called a "mediator" helps the parties communicate in an effective and constructive manner so they can try to settle their dispute. The mediator does not decide the outcome, but helps the parties to do so. Mediation is usually confidential, and may be particularly useful when parties want or need to have an ongoing relationship, such as in disputes between family members, neighbors, co-workers, or business partners, or when parties want to discuss non-legal concerns or creative resolutions that could not be ordered at a trial.

**Settlement Conference:** A judge or another neutral person called a "settlement officer" helps the parties to understand the strengths and weaknesses of their case and to discuss settlement. The judge or settlement officer does not make a decision in the case but helps the parties to negotiate a settlement. Settlement conferences may be particularly helpful when the parties have very different ideas about the likely outcome of a trial and would like an experienced neutral to help guide them toward a resolution.

**Arbitration:** A neutral person called an "arbitrator" considers arguments and evidence presented by each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are usually relaxed. If the parties agree to binding arbitration, they waive their right to a trial and agree to accept the arbitrator's decision as final. With nonbinding arbitration, any party may reject the arbitrator's decision and request a trial. Arbitration may be appropriate when the parties want another person to decide the outcome of their dispute but would like to avoid the formality, time, and expense of a trial.

**Other ADR Processes:** There are several other types of ADR which are not offered through the court but which may be obtained privately, including neutral evaluation, conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR processes. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute. Be sure to learn about the rules of any ADR program and the qualifications of any neutral you are considering, and about their fees.

## Local ADR Programs for Civil Cases

**Mediation:** The San Diego Superior Court maintains a Civil Mediation Panel of approved mediators who have met certain minimum qualifications and have agreed to charge $150 per hour for each of the first two (2) hours of mediation and their regular hourly rate thereafter in court-referred mediations.

On-line mediator search and selection: Go to the court's ADR webpage at www.sdcourt.ca.gov/adr and click on the "Mediator Search" to review individual mediator profiles containing detailed information about each mediator including their dispute resolution training, relevant experience, ADR specialty, education and employment history, mediation style, and fees and to submit an on-line Mediator Selection Form (SDSC form #CIV-005). The Civil Mediation Panel List, the Available Mediator List, individual Mediator Profiles, and Mediator Selection Form (CIV-005) can also be printed from the court's ADR webpage and are available at the Mediation Program Office or Civil Business Office at each court location.

**Settlement Conference:** The judge may order your case to a mandatory settlement conference, or voluntary settlement conferences may be requested from the court if the parties certify that: (1) settlement negotiations between the parties have been pursued, demands and offers have been tendered in good faith, and resolution has failed; (2) a judicially supervised settlement conference presents a substantial opportunity for settlement; and (3) the case has developed to a point where all parties are legally and factually prepared to present the issues for settlement consideration and further discovery for settlement purposes is not required. Refer to SDSC Local Rule 2.2.1 for more information. To schedule a settlement conference, contact the department to which your case is assigned.

**Arbitration:** The San Diego Superior Court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience. Refer to SDSC Local Rules Division II, Chapter III and Code Civ. Proc. § 1141.10 et seq or contact the Arbitration Program Office at (619) 450-7300 for more information.

More information about court-connected ADR: Visit the court's ADR webpage at www.sdcourt.ca.gov/adr or contact the court's Mediation/Arbitration Office at (619) 450-7300.

**Dispute Resolution Programs Act (DRPA) funded ADR Programs:** The following community dispute resolution programs are funded under DRPA (Bus. and Prof. Code §§ 465 et seq.):
- In Central, East, and South San Diego County, contact the National Conflict Resolution Center (NCRC) at www.ncrconline.com or (619) 238-2400.
- In North San Diego County, contact North County Lifeline, Inc. at www.nclifeline.org or (760) 726-4900.

**Private ADR:** To find a private ADR program or neutral, search the Internet, your local telephone or business directory, or legal newspaper for dispute resolution, mediation, settlement, or arbitration services.

## Legal Representation and Advice

To participate effectively in ADR, it is generally important to understand your legal rights and responsibilities and the likely outcomes if you want to trial. ADR neutrals are not allowed to represent or to give legal advice to the participants in the ADR process. If you do not already have an attorney, the California State Bar or your local County Bar Association can assist you in finding an attorney. Information about obtaining free and low cost legal assistance is also available on the California courts website at *www.courtinfo.ca.gov/selfhelp/lowcost*.

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | FOR COURT USE ONLY |
|---|---|
| STREET ADDRESS:      330 West Broadway | |
| MAILING ADDRESS:      330 West Broadway | |
| CITY, STATE, & ZIP CODE: San Diego, CA  92101-3827 | |
| BRANCH NAME:      Central | |

| PLAINTIFF(S):   Thomas Richards |
|---|
| DEFENDANT(S):  CoreCivic of Tennessee LLC |
| SHORT TITLE:   THOMAS RICHARDS VS CORECIVIC OF TENESSEE LLC [IMAGED] |

| STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR) | CASE NUMBER:<br>37-2017-00022588-CU-OE-CTL |
|---|---|

Judge: John S. Meyer                                                    Department: C-61

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution (ADR) process.  Selection of any of these options will not delay any case management timelines.

☐ Mediation (court-connected)                ☐ Non-binding private arbitration

☐ Mediation (private)                        ☐ Binding private arbitration

☐ Voluntary settlement conference (private)  ☐ Non-binding judicial arbitration (discovery until 15 days before trial)

☐ Neutral evaluation (private)               ☐ Non-binding judicial arbitration (discovery until 30 days before trial)

☐ Other (specify e.g., private mini-trial, private judge, etc.): _____

_____

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: (Name) _____

_____

_____

Alternate neutral (for court Civil Mediation Program and arbitration only): _____

Date: _____          Date: _____


Name of Plaintiff                                Name of Defendant


Signature                                        Signature


Name of Plaintiff's Attorney                     Name of Defendant's Attorney


Signature                                        Signature

If there are more parties and/or attorneys, please attach additional completed and fully executed sheets.

It is the duty of the parties to notify the court of any settlement pursuant to Cal. Rules of Court, rule 3.1385.  Upon notification of the settlement, the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court.

IT IS SO ORDERED.

Dated:  06/22/2017                                    JUDGE OF THE SUPERIOR COURT

| SDSC CIV-359 (Rev 12-10) | STIPULATION TO USE OF ALTERNATIVE DISPUTE RESOLUTION | Page: 1 |
|---|---|---|

PAUL M. GLEASON (SBN: 155569)
TOREY JOSEPH FAVAROTE (SBN: 198521)
GLEASON & FAVAROTE, LLP
4014 Long Beach Blvd., Suite 300
Long Beach, California 90807
Telephone: (213) 452-0510
Facsimile: (213) 452-0514
Email: pgleason@gleasonfavarote.com
tfavarote@gleasonfavarote.com

Attorneys for Defendant
CoreCivic of Tennessee, LLC

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**07/19/2017** at 02:10:00 PM

Clerk of the Superior Court
By Richard Day ,Deputy Clerk

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SAN DIEGO

THOMAS RICHARDS, individually and on
behalf of all others similarly situated,

          Plaintiff,

   v.

CORECIVIC OF TENNESSEE, LLC,

         Defendants.

Case No. 37-2017-00022588-CU-OE-CTL

**DEFENDANT CORECIVIC OF
TENNESSEE, LLC'S ANSWER TO
PLAINTIFF'S COMPLAINT**

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

1         Defendant CoreCivic of Tennessee, LLC (hereinafter "Defendant" or "CoreCivic"), hereby

2    submits this Answer to the unverified Complaint of plaintiff Thomas Richards (hereinafter

3    "Plaintiff"), and answer as follows:

4                             **GENERAL DENIAL**

5         Pursuant to section 431.30 (d) of the California Code of Civil Procedure, Defendant denies,

6    generally and specifically, each and every allegation in Plaintiff's unverified Complaint, and

7    further denies that Plaintiff and/or any other current or former "other employee" whom Plaintiff

8    purports to represent have been damaged or injured in the amount or manner alleged, or in any

9    manner whatsoever, or that Plaintiff or any current or former "other employee" is entitled to civil

10    penalties by reason of any act or omission on the part of Defendant or any of their officers,

11    directors, employees or agents.

12         Additionally, Defendant asserts the following separate and independent affirmative

13    defenses, and pray for judgment as set forth below:

14                **FIRST AFFIRMATIVE DEFENSE**

15                 **Failure to State a Cause of Action**

16       1.    The Complaint and each cause of action set forth therein, on behalf of Plaintiff and

17    on behalf of the other employees he purports to represent, fails to state facts sufficient to constitute

18    a cause of action upon which relief can be granted against the Defendant.

19                **SECOND AFFIRMATIVE DEFENSE**

20                    **Unclean Hands**

21       2.    The Complaint and each cause of action set forth therein, on behalf of Plaintiff and

22    on behalf of the other employees he purports to represent, is barred in whole or in part by the

23    doctrine of unclean hands.

24                **THIRD AFFIRMATIVE DEFENSE**

25                 **Statute of Limitations**

26       3.    Plaintiff's Complaint, and each cause of action therein, on behalf of Plaintiff and on

27    behalf of the other employees he purports to represent, is barred in whole or in part by the

28    applicable statute of limitations, including but not limited to California Labor Code Section 203,

**DEFENDANT CORECIVIC OF TENNESSEE, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT**

226, and/or California Civil Code Sections 338 and 340.

## FOURTH AFFIRMATIVE DEFENSE

### Failure to Mitigate

4.     Plaintiff and/or the other employees he purports to represent have failed to exercise reasonable diligence to mitigate his or her harm and damages (if any, which expressly denied by Defendant and, therefore, each is barred from recovering any damages or penalties and/or any damages or penalties should be reduced accordingly.

## FIFTH AFFIRMATIVE DEFENSE

### Estoppel

5.     The Complaint and each cause of action set forth therein, on behalf of Plaintiff and on behalf of the other employees he purports to represent, is barred, in whole or in part by the doctrine of estoppel.

## SIXTH AFFIRMATIVE DEFENSE

### Waiver, Discharge or Abandonment

6.     The Complaint and each cause of action set forth therein, on behalf of Plaintiff and on behalf of the other employees he purports to represent, is barred in whole or in part to the extent such claims have been waived, discharged or abandoned.

## SEVENTH AFFIRMATIVE DEFENSE

### Latches

7.     The Complaint and each cause of action set forth therein, on behalf of Plaintiff and on behalf of the other employees he purports to represent, is barred, in whole or in part, by the doctrine of latches.

## EIGHTH AFFIRMATIVE DEFENSE

### Uncertainty

8.     Plaintiff and the other employees he purports to represent have failed to meet their burden inasmuch as the Complaint is barred in whole or in part because it cannot be ascertained from the Complaint the basis of any of the allegations stated therein, including but not limited to the representative allegations asserted by Plaintiff.

2.

### NINTH AFFIRMATIVE DEFENSE

#### No Damages or Injury

9.      Plaintiff and the other employees he purports to represent have failed to meet their burden inasmuch as the Complaint is barred in whole or in part because neither Plaintiff nor the other employees has or have suffered any damage or injury by any acts, events or occurrences alleged in the Complaint.

### TENTH AFFIRMATIVE DEFENSE

#### Standing

10.      The Complaint and each cause of action set forth therein, individually on behalf of Plaintiff and on behalf of the other employees he seeks to represent, is barred, in whole or in part, because Plaintiff lacks standing.

### ELEVENTH AFFIRMATIVE DEFENSE

#### Consent

11.      The Complaint, and each cause of action set forth therein, individually on behalf of Plaintiff, is barred, in whole or in part, is because Plaintiff and some or all of the other employees he purports to represent, consented to, approved, or participated in the alleged conduct about which Plaintiff now complains.

### TWELFTH AFFIRMATIVE DEFENSE

#### Mistake

12.      The Complaint, and each cause of action therein, individually on behalf of Plaintiff and on behalf of the other employees he purports to represent, is barred in whole or in part based on Defendant's good faith mistake of fact.

### THIRTEENTH AFFIRMATIVE DEFENSE

#### No Willfulness

13.      The Complaint, and each cause of action therein, individually on behalf of Plaintiff and on behalf of the other employees he purports to represent, is barred in whole or in part because Defendant's conduct was not willful.

///

3.

1

### FOURTEENTH AFFIRMATIVE DEFENSE

2

**Reasonable Conduct**

3    14.    The Complaint, and each cause of action therein, individually on behalf of Plaintiff

4 and on behalf of the other employees he purports to represent, is barred, in whole or in part,

5 because Defendant's engaged in reasonable conduct under the circumstances and under their pay

6 obligations under California wage and hour law.

7

### FIFTEENTH AFFIRMATIVE DEFENSE

8

**Meal Periods Authorized**

9    15.    The Complaint, and each purported cause of action claiming meal period violations

10 therein, individually on behalf of Plaintiff and on behalf of the other employees he purports to

11 represent, is barred, in whole or in part, because at all relevant times Defendant's authorized and

12 permitted and never impeded the taking of statutory meal periods; Plaintiff and the other

13 employees he purports to represent did take meal periods or freely and voluntarily chose to forego

14 or waive a timely meal period, including but not limited to, by entering into valid on-duty meal

15 period agreements.

16

### SIXTEENTH AFFIRMATIVE DEFENSE

17

**Rest Periods Authorized**

18    16.    The Complaint, and each purported cause of action claiming rest period violations

19 therein, individually on behalf of Plaintiff and on behalf of the other employees he purports to

20 represent, is barred, in whole or in part, because at all relevant times Defendant's authorized and

21 permitted and never impeded the taking of rest periods by Plaintiff and/or the employees he

22 purports to represent; and/or Plaintiff and the other employees he purports to represent did take rest

23 periods or voluntarily and freely chose to forego or waive their rest period.

24

### SEVENTEENTH AFFIRMATIVE DEFENSE

25

**Representative Action Inappropriate**

26    17.    The Complaint, and each cause of action therein, is barred on behalf of the other

27 employees Plaintiff seeks to represent because California law does not permit representative

28 actions where liability can only be determined through fact-intensive, individualized assessments

4.

of alleged wage and hour violations.

### EIGHTEENTH AFFIRMATIVE DEFENSE

**Good Faith and Reasonable Belief**

18. The Complaint, on behalf of Plaintiff and all other employees he seeks to represent, is barred in whole or in part because Defendant acted, at all relevant times, on the basis of a good faith and reasonable belief that they had complied fully with California wage and hour laws and have a good faith legal defense to all claims.

### NINETEENTH AFFIRMATIVE DEFENSE

**Good Faith Dispute**

19. Defendant denies that they owe any amounts to Plaintiff or the other employees he purports to represent; but if it should be determined that any amounts are owed, Defendant alleges that at all times herein, reasonable good faith disputes existed as to whether any such amounts were owed.

### TWENTIETH AFFIRMATIVE DEFENSE

**Satisfaction and Accord**

20. Plaintiffs Complaint is barred, in whole or in part, by the principles of satisfaction and accord and/or satisfaction and payment.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

**Novation**

21. The Complaint, and each cause of action therein, is barred, in whole or in part, based on one or more novations.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

**Reservation of Rights to Assert Additional Defenses**

22. Answering Defendant reserves their right to assert additional affirmative defenses in the event discovery, legal proceedings or new statutory or decisional law arises during the pendency of this action.

///

///

5.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

**Putative Members Not Similarly Situated and Action is Unmanageable**

23.     Plaintiff cannot maintain a representative or class action because the putative class members are not similarly situated nor is this case manageable.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

**Portal to Portal Act/FLSA/ERISA Preemption**

24.     Plaintiff's state law claims are preempted by federal law including the Portal to Portal Act, the Fair Labor Standards Act, and/or the Employee Retirement Income Security Act of 1974.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

**Attorneys' Fees**

25.     The Complaint, and each and every purported claim for relief alleged therein, fails to state facts sufficient to entitle Plaintiff to an award of attorneys' fees.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

**De Minimis**

26.     Assuming *arguendo*, Plaintiff and any other current/former employee Plaintiff seeks to represent were not compensated for all hours worked, Plaintiff and other current/former employees Plaintiff seeks to represent are not entitled to any relief because it was *de minimis* and therefore, not compensable.

WHEREFORE, Defendant prays as follows:

1.     That Plaintiff takes nothing by their complaint;

2.     For judgment in favor of Defendant and against Plaintiff;

3.     For all expenses, including reasonable attorneys' fees;

/ / /

/ / /

/ / /

/ / /

/ / /

6.

1    4.    For all cost of suit; and

2    5.    For such other and further relief as the Court may deem just and proper.

3

4    DATED:  July 19, 2017                                      PAUL M. GLEASON
                                                                TOREY JOSEPH FAVAROTE
5                                                               GLEASON & FAVAROTE, LLP

6

7                                                               By _____
                                                                      Torey Joseph Favarote
8
                                                                Attorneys for Defendant CoreCivic of
9                                                               Tennessee, LLC

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DEFENDANT CORECIVIC OF TENNESSEE, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT**

1

**PROOF OF SERVICE**

2          I, Thomas Steinhart, declare:

3          I am and was at the time of the service mentioned in this declaration, employed in the

4     County of Los Angeles, California.  I am over the age of 18 years and not a party to the within

5     action.  My business address is Gleason & Favarote, LLP, 4014 Long Beach Blvd., Suite 300,

6     Long Beach, California 90807.

7          On July 19, 2017, I served a copy(ies) of the following document(s):

8     **DEFENDANT CORECIVIC OF TENNESSEE, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT**

9     on the parties to this action by placing them in a sealed envelope(s) addressed as follows:

10

| Attorney | Party(ies) Served | Method of Service |
|---|---|---|
| Todd M. Friedman, Esq.<br>Adrian R. Bacon, Esq.<br>Law Offices of Todd M. Friedman, P.C.<br>21550 Oxnard St. Ste. 780<br>Woodland Hills, CA 91367<br>Telephone: (877) 206-4741<br>Fax: (866) 633-0228<br>tfriedman@toddflaw.com<br>abacon@toddflaw.com | Counsel for Thomas Richards, Individually and on behalf of other members of the general public similarly situated | U.S. Mail |

16     ☒     (BY MAIL) I placed the sealed envelope(s) for collection and mailing by following the ordinary business practices of Gleason & Favarote, LLP, Long Beach, California.  I am readily familiar with Gleason & Favarote, LLP's practice for collecting and processing of correspondence for mailing with the United States Postal Service, said practice being that, in the ordinary course of business, correspondence with postage fully prepaid is deposited with the United States Postal Service the same day as it is placed for collection.

19

20          I declare under penalty of perjury under the laws of the State of California that the above is

21     true and correct, and that this declaration was executed on July 19, 2017 at Long Beach, California.

22

23

24                                       Thomas Steinhart

25

26

27

28

1.

**PROOF OF SERVICE**

## PROOF OF SERVICE

I, Linda Gardea, declare:

I am and was at the time of the service mentioned in this declaration, employed in the County of Los Angeles, California.  I am over the age of 18 years and not a party to the within action.  My business address is Gleason & Favarote, LLP, 4014 Long Beach Blvd., Suite 300, Long Beach, California 90807.

On July 21, 2017, I served a copy(ies) of the following document(s):

**NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S.C. SECTIONS 1332(D), 1441 AND 1446**

on the parties to this action by placing them in a sealed envelope(s) addressed as follows:

| Attorney | Party(ies) Served | Method of Service |
|---|---|---|
| Todd M. Friedman, Esq. Adrian R. Bacon, Esq. Law Offices of Todd M. Friedman, P.C. 21550 Oxnard St. Ste. 780 Woodland Hills, CA 91367 Telephone:  (877) 206-4741 Fax:  (866) 633-0228 tfriedman@toddflaw.com abacon@toddflaw.com | Counsel for Thomas Richards, Individually and on behalf of other members of the general public similarly situated | U.S. Mail |

☒ (BY MAIL)  I placed the sealed envelope(s) for collection and mailing by following the ordinary business practices of Gleason & Favarote, LLP, Long Beach, California.  I am readily familiar with Gleason & Favarote, LLP's practice for collecting and processing of correspondence for mailing with the United States Postal Service, said practice being that, in the ordinary course of business, correspondence with postage fully prepaid is deposited with the United States Postal Service the same day as it is placed for collection.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct, and that this declaration was executed on July 21, 2017 at Long Beach, California.

_____
Linda Gardea

**PROOF OF SERVICE**